THE CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY, PLAINTIFF IN ERROR, v. JOHN SIMS, DEFENDANT IN ERROR.

1. **Railroads:** LIABILITY FOR STOCK KILLED. Under the act of June 20, 1867, a railroad company is liable for stock killed upon its track while running at large in the night time at a point where the company was required but failed to fence its track,

notwithstanding stock is prohibited by statute from running at large in the night time.

2.   Petition examined, and *Held*, Good when assailed after verdict.

ERROR to the district court of Richardson county.   Tried below before BROADY, J., upon the following stipulation of facts:

It is stipulated in this case that the facts are as follows:

The plaintiff owned the animal that was killed.   He lived close to the defendant's railroad track, on the north side of track.   There was a strip of grass land along and near the railroad track, and back from the track on the north; the land was cultivated south of the railroad track, and a few rods away was the Nemaha river.   The plaintiff worked the animal during the day-time June 3, 1883, and at night turned the animal loose to graze, as he was in the habit of doing at night time.   The animal was struck by one of the defendant's engines and trains about midnight of June 3, 1883, and killed.   The plaintiff knew only of the passage of the fast train known as the "Cannon Ball" train, which passed both ways during the night, and it was one of these that killed the animal.   The animal was worth seventy-five dollars.   The railroad track was not fenced where said accident occurred, and it was not on a road crossing, nor within the limits of a town or village.   The said railroad had been in operation for several years prior to the accident.   Said animal was killed without any negligence or fault on the part of the defendant other than the fact that the railroad track was not fenced; and there was no negligence on the part of the plaintiff other than the fact of allowing the animal to run at large at night in the manner above stated, as was his usual custom.   This is the final and full stipulation of all the facts.

*Marquett & Deweese* (*E. W. Thomas* with them), for plaintiff in error.

*H. T. Hull,* for defendant in error.

· REESE, J.

The principal question involved in this case is, whether the plaintiff in error was liable for the value of stock killed by its train in the night time, the stock being allowed to run at large in violation of law.   Comp. Stat., Ch. 72, Art. I.

This question was before this court in *B. & M. R. R. Co v. Brinkman,* 14 Neb., 70, and we think that decision fully covers this case.    In the opinion of the court, written by Judge MAXWELL, the following language occurs, which we adopt as decisive of the case, viz.: "The statute requires all railroad companies which have been in operation six months to fence their track and put in cattle guards at road crossings, and provides that in case of failure to do so 'they shall be absolutely liable to the owners of any live stock injured, killed, or destroyed by their agents, employes, or engines,' etc.; and also declares that when such fences and guards have been fully and duly made, and shall be kept in good and sufficient repair, such railroad shall not be liable for any such damages, unless negligently or willfully done.。  Where they have failed to fence their track, therefore, the question of negligence of the owner of the stock killed or injured does not enter into the case. The defendant in error, by merely permitting the animals killed to run at large in the night time, is not thereby deprived of the right to recover."

A question as to the sufficiency of the petition of defendant in error is also presented.   The petition alleges, in substance, among other things, that the plaintiff in error was running and operating its road in Richardson county, at the time of the accident, without fencing on either side thereof, and that the stock killed was running at large on the premises of defendant in error through which plaintiff

in error ran its road when the damage was done. It is claimed by plaintiff in error that this is not a sufficient allegation of its failure to fence its track at a point where it was its duty to fence, nor that the accident occurred by reason of the want of a fence, and that there is nothing to show that the place where the stock got onto the railroad track was a place where the company had the right to fence. The petition, alleging as it does that the stock was killed on the premises of the defendant in error while running at large, and that the railroad ran through the premises, in connection with the fact that the answer alleges, as the defense, that defendant in error willfully and purposely turned the animal loose to run at large on and about the defendant's railroad track in the night time, and that while it was so running at large in the night time was struck by the engine of plaintiff in error, is a sufficient presentation of the issue to sustain a judgment where no objection is made until after verdict and judgment. No objection appears to have been made to the petition in the court below. While the petition is not as definite as might be desirable, yet it is sufficient to sustain the judgment.

No error appearing, the judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.